Submitted May 4,—Decided May 18, 1909.

*Greene F. Johnson,* for plaintiff in error.

*Doyle Campbell, solicitor,* contra.

---

1826.   HARVEY *et al. v.* THE STATE.

Where the undisputed evidence clearly shows that in the commission of an alleged criminal act there did not exist either criminal intent or criminal negligence, a conviction was unauthorized.

Accusation of trespass, from city court of Sylvester—Judge Williamson.   March 27, 1909.

Submitted May 4,—Decided May 18, 1909.

*Claude Payton,* for plaintiffs in error.

*J. H. Tipton, solicitor,* contra.

HILL, C. J. The plaintiffs in error were convicted of criminal trespass, and their motion for a new trial was overruled. The evidence, briefly stated, is as follows: The plaintiffs in error are two negro boys, who were employed by a contractor to haul sand to be used in his work of erecting buildings. They had on previous occasions hauled sand from the land of the prosecutor without any objection from him. On the occasion for which they were indicted for committing a trespass, they hauled about thirty loads of sand from uninclosed land which was in the possession of the prosecutor. On their way with their wagons to get the sand, they met the son of the prosecutor, told him their purpose, and asked permission from him to get the sand from his father's land. This permission was given by the son. Thereupon the sand was hauled by the two negroes and delivered to their employer; and they were subsequently prosecuted for a criminal trespass in hauling this sand from the prosecutor's premises.

While it is not necessary that there should be in a case of trespass an animus furandi, yet in every criminal offense "there shall be a union or joint operation of act and intention, or criminal negligence." Penal Code, §31. Under the facts of this case it seems perfectly clear that the defendants, in hauling the sand from the uninclosed land of the prosecutor, did not intend to commit the offense of trespass. While they did not have the consent of the prosecutor himself to haul the sand, yet the facts that they had previously gotten sand from this land without his objection, and that on the occasion in question they did have the consent of his son, would, in our opinion, be sufficient to cause them to assume that the prosecutor did not object. Especially would this seem to be the case where the hauling of the sand was in the daytime, and without any surreptitious purpose or effort of concealment. Taking all the facts of the case, we think that the conviction was wholly unauthorized, and that a new trial should have been granted.                    *Judgment reversed.*

POWELL, J., dissenting. The exculpatory facts stated in the opinion appear only from the statements of the defendants. The jury had the right to disbelieve them entirely.